# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOSHUA STEPHENS,**

    **Plaintiff,**

vs.                                                          Case No. 4:23cv395-AW-MAF

**FLORIDA STATE HOSPITAL,**
**et al.,**

    **Defendants.**

_____/

## **AMENDED REPORT AND RECOMMENDATION**

The pro se Plaintiff has filed a second motion for an extension of time.  ECF No. 21.  The basis for Plaintiff's motion is that a "hearing has been delayed," and Plaintiff states that he will "seek to have [his] freedom by June 15th 2024."  *Id.* at 1.

The Court notes that a similar letter motion was received from Plaintiff just last month.  *See* ECF No. 18.  That motion was filed on April 18, 2024, and Plaintiff stated that he "may be getting out."  *Id.* at 1.  After considering Plaintiff's motion in light of the status of this case, a Report and Recommendation was entered to deny Plaintiff's motion.  ECF No. 19.

That Report and Recommendation never reached Plaintiff, however; it was returned as undeliverable on May 6, 2024. ECF No. 20.

The Court has reviewed the mail stamp on that returned mail. It indicates Plaintiff was "released or transferred." ECF No. 20 at 1. The address to which it was sent to Plaintiff Joshua Stephens was at the Montgomery Correctional Center, 4727 Lannie Road, Jacksonville, FL 32218. *Id.*

Curiously, Plaintiff's second letter motion,[1] ECF No. 21, was dated by Plaintiff May 13, 2024. The mailing envelope has a stamp which indicates the mail was "CENSORED" by the "Department of Corrections, Jacksonville, FL." *Id.* at 2. Plaintiff's return mailing address is listed as Montgomery Correctional Center, 4727 Lannie Road, Jacksonville, FL 32218." *Id.* Because it appears that Plaintiff is still housed there, it is unknown why the prior mail from this Court was returned.

At any rate, the reality is, if Plaintiff had a true desire to litigate a wrong committed against him, he would have prosecuted this case during the many months Plaintiff has been in the detention facility. It is unlikely that once Plaintiff is released, he will suddenly comply with Court orders.

---

[1] The motion was styled as a letter to the Clerk of Court. ECF No. 21 at 1. However, a request for relief must be presented to the Court, not the Clerk.

This case was initiated on September 11, 2023. ECF No. 1. At that time, Plaintiff was held at the Florida State Hospital. His complaint was, however, illegible and Plaintiff did not file an in forma pauperis motion or pay the filing fee. An Order was entered on September 20th, directing Plaintiff to do one or the other if he wanted to comply. ECF No. 3. Plaintiff submitted an insufficient in forma pauperis motion, ECF No. 5, on October 17th, but it was denied and Plaintiff was given until November 20th to file a proper in forma pauperis motion. ECF No. 6.

Plaintiff again filed an insufficient in forma pauperis motion, ECF No. 7, in October 2023 and, again, it was denied. ECF No. 8. Once more, the Order explained to Plaintiff why his motion was deficient and what he must do to submit a proper motion. *Id.* Plaintiff then submitted an affidavit of indigency, ECF No. 9, on October 30, 2023, but that did not comply with 28 U.S.C. § 1915 either and a fourth Order was entered on November 1, 2024, to explain why. ECF No. 10.

In late November, the Court determined that Plaintiff had been transferred from the Florida State Hospital to the Duval County Jail.[2] ECF Nos. 11-12. As a courtesy, Plaintiff was given until January 4, 2024, to file a proper in forma pauperis motion and a proper § 1983 complaint. ECF

---

[2] Plaintiff did not file a notice of change of address as required.

No. 12.  To ensure Plaintiff was able to comply, a sixth Order was entered on December 13, 2023, which again explained what Plaintiff must do to comply and provided him with the required forms.  ECF No. 13.

When Plaintiff failed to comply, a Report and Recommendation was entered on February 20, 2024, recommending this case be dismissed for failure to comply and failure to prosecute.  ECF No. 15.  Plaintiff then filed an "objection," ECF No. 16, which was deemed to be Plaintiff's demonstration that he desired to proceed with this case.  Thus, the Report and Recommendation was vacated, and Plaintiff was granted an extension of time to comply with the prior six orders.  ECF No. 17.  That Order was entered in mid-March; Plaintiff has had two months in which to comply but he has failed to do so.  No reason has been provided as to why Plaintiff could not comply; instead, Plaintiff only provides a reason as to why he might comply in the future.

Plaintiff has had since September 11, 2023, to comply with the easiest part of the litigation process - submit a proper complaint on the complaint form and submit an in forma pauperis motion.  If Plaintiff is unable or unwilling to comply with the prior six Orders during the past nine months, it is unlikely he will be do so upon his anticipated release.

Moreover, the Order entered on March 14, 2024, made "clear to Plaintiff that he [was] being provided **one final opportunity** to file a properly supported in forma pauperis motion, if he [lacked] funds to pay the $405.00 filing fee." ECF No. 17.  Plaintiff was again given guidance as to what he must do to comply, and he was warned that if he did not do so by April 15, 2024, a recommendation would be entered to dismiss this case. *Id.*  No reason has been provided to explain why Plaintiff could not comply with that Order during the prior two months.

Because Plaintiff has had sufficient opportunity to prosecute this case if he truly desired to do so, it is recommended that both of Plaintiff's recent motions for extensions of time, ECF Nos. 18 and 21, be denied.  If Plaintiff wants to litigate a claim, he should file a new case - if and when he is able to comply with Court orders.

Local Rule 41.1 permits the Court to dismiss a plaintiff's claim if he fails to comply with a court order.  That action is recommended here as Plaintiff has not demonstrated good cause for his failure to comply, or to provide him with more time to do so.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for additional extensions of time, ECF Nos. 18 and 21,

be **DENIED** and this case be **DISMISSED** for failure to comply with numerous Court orders.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PLAINTIFF

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**